**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44537**

| | | |
|---|---|---|
| In the Matter of the DOE CHILDREN, Children Under Eighteen Years of Age. | ) ) | |
| IDAHO DEPARTMENT OF HEALTH and WELFARE, | ) ) | 2017 Unpublished Opinion No. 317 |
| | ) | |
| Petitioner-Respondent, | ) | Filed: January 13, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN DOE (2016-44), | ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| | ) | |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Kent J. Merica, Magistrate.

Amended judgment terminating parental rights, remanded for further proceedings.

Paige M. Nolta, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Marcy J. Spilker, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

A trial for terminating the parental rights of John Doe and his wife, Jane Doe, as to three children commenced on May 10, 2016. On the following day, when the trial was not concluded, the magistrate scheduled its continuation for July 2016. The trial then continued from July 6 until July 8. At the close of trial, parties were instructed to file their closing arguments by August 12.

In a hearing held October 3, 2016, the magistrate expressed that he had experienced software failure resulting in the permanent loss of a significant amount of his written work. The

1

magistrate then indicated he would instead enter his findings of fact and conclusions of law on the record. He stated: "This will constitute the only record of the same. The court will not reduce the following to writing, and I'm doing that in the--for the sake of expediency for the parties." The magistrate proceeded to verbally pronounce detailed findings of fact and conclusions of law from the bench.

On the same day, the magistrate entered a written judgment terminating the parent-child relationships between John and Jane and the children. In this written judgment, aside from stating that "it is in [the children's] best interests for the parental rights . . . to be terminated," the judgment did not include any specific findings of fact or conclusions of law.

Two days after entry of this written judgment, the magistrate entered an order titled, "Amended Findings of Fact, Conclusions of Law, and Order." This order first called attention to and corrected a prior misstatement regarding the applicable statutory provision of neglect. The order also specifically incorporated by reference the magistrate's verbal findings of fact and conclusions of law pronounced on October 3. Finally, the order addressed the magistrate's failure to orally discuss and conclude one of the grounds for termination that was argued by the State. The order included a thorough written analysis on the alleged grounds for termination, ultimately concluding the State did not meet its burden of proof. The order concluded by stating that John and Jane's parental rights were being terminated pursuant to Counts II and III of the "Second Amended Petition for Termination," but not pursuant to Count I. The magistrate also entered a corresponding amended judgment reiterating its conclusion that termination was in the children's best interests and that the parent-child relationships were terminated.

Although the magistrate treated the termination petition of both parents as a consolidated case, John now timely and separately appeals the magistrate's judgment terminating his parental rights. Consistent with our analysis and holding in Jane Doe's separate appeal, *Idaho Dep't of Health & Welfare v. Doe*, ___ Idaho ___, ___ P.3d ___ (Ct. App. 2017), we hold that the magistrate court erred by not entering written findings of fact and conclusions of law. Idaho Code § 16-2010(1) requires that "every order of the court terminating the parent and child relationship . . . *shall be in writing* and *shall recite the findings* upon which such order is based, including findings pertaining to the court's jurisdiction." I.C. § 16-2010(1) (emphasis added). Neither the magistrate's original judgment nor the amended judgment and corresponding order

2

are in compliance with the statutory mandate of I.C. § 16-2010(1).  Therefore, we decline to address the merits of the issues presented on appeal.

We direct that the case be remanded to the magistrate for the expedited preparation of a written judgment containing the required findings.[1]  This Court will issue a simultaneous and separate order setting forth further appellate procedures following the magistrate's filing of written findings of fact and conclusions of law.  Each party is to bear its own costs and fees on appeal.

---

[1]    The findings of fact and conclusions of law required by Idaho Code § 16-2010(1) must address the two necessary elements of every termination case.  First, the findings must address whether one or more of the statutory grounds for termination have been established by clear and convincing evidence.  I.C. § 16-2005(1).  Second, the findings must address whether terminating the relationship is in the children's best interests.  *Id.*

3